IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD LEE, <br> AIS 213823, <br><br>     Petitioner, <br><br> v. <br><br> REOSHA BUTLER, et al., <br><br>     Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:22-CV-19-MHT-CSC <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the Court is Petitioner Rashad Lee's pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Lee is a state inmate at the Elmore Correctional Facility in Elmore, Alabama. He filed this petition on January 5, 2022,[1] challenging his conviction, pursuant to his guilty plea, for murder entered by the Circuit Court for Bullock County in 2000 for which he was sentenced to life in prison. Doc. 1 at 1.[2]

For the reasons below, the Magistrate Judge recommends that Lee's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

---

[1] Although the petition is date-stamped as "received" on January 11, 2022, Lee represents that he signed the petition and placed it in the prison mailing system on January 5, 2022. Under the mailbox rule, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

[2] References to documents filed are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

## II.   BACKGROUND

Lee is a state prisoner who filed this action on a form used by inmates to file a federal habeas application under 28 U.S.C. § 2254. As his singular ground for relief, Lee asserts "[p]arole denied by the Parole Board because the State protested after agreeing not to in writing." Doc. 1 at 5. In support of this claim, Lee argues that he entered a guilty plea based on a written plea agreement with the state that it would not oppose his parole at future parole hearings, yet three times, the state has breached this plea agreement causing him to be denied parole because of the protests. Doc. 1 at 5. Lee maintains that the State's actions opposing his parole at his parole hearings rendered his guilty plea involuntary. *Id.* Lee requests that his guilty plea be vacated. *Id.* at 15.

The instant petition is not Lee's first attempt to challenge his murder conviction and resulting life sentence through a petition for habeas relief. The records of this Court reflect that Lee has filed multiple, and unsuccessful, petitions for habeas corpus relief under 28 U.S.C. § 2254 challenging this judgment.[3] The first such § 2254 petition was filed by Lee on September 30, 2005. *See Lee v. Mitchem,* Case No. 2:05-cv-968-WKW (M.D. Ala. 2006). In that action, this Court denied Lee relief and dismissed his claims with prejudice, finding his petition to be time-barred under 28 U.S.C. §2244(d). *Id.*, Docs. 22, 26, and 27.

---

[3]*See, e.g.*, *Lee v. Mitchem,* Case No. 2:05-cv-968-WKW-CSC (M.D. Ala. 2006); *Lee v. Giles*, Case No. 2:09-cv-234-TMH-CSC (M.D. Ala. 2009); *Lee v. Estes,* Case No. 2:13-cv-797-WHA-CSC; *Lee v. Givens*, Case No. 2:19-cv-472-WKW-CSC (M.D. Ala. 2019); *Lee v. Butler*, Case No. 2:22-cv-74-RAH-SMD (M.D. Ala. (M.D. Ala. 2023); *Lee v. Calloway*, Case No. 2:23-cv-129-MHT-CSC (M.D. Ala. 2023).

2

In one of Lee's previous § 2254 petitions, he raised a claim substantially similar to the claim presented in this case regarding the validity of his guilty plea. *See Lee v. Givens*, Case No. 19-cv-471-MHT-CSC (M.D. Ala. 2019). In the prior petition, Lee argued that the prosecution breached a plea agreement not to protest his eligibility for parole when he otherwise would have been granted parole at his parole-review hearings, the most recent of which at that time was in November 2018. *See Lee v. Givens*, Case No. 2:19-cv-471-MHT-CSC (M.D. Ala. 2019). Doc. 1 at 5, 12; Doc. 1-1 at 1. Lee contended that before he pled guilty in 2000, the prosecution and his trial counsel assured him that the prosecutor's office would not oppose his eligibility for parole when he had a parole review. *Id.* at Doc. 1-1 at 1. However, Lee maintained that at his November 2018 parole hearing he learned that the prosecution had submitted a letter protesting his parole eligibility at that hearing and his previous parole-review hearings. *Id.* Therefore, Lee argued the prosecution's failure to keep its promise not to protest his parole eligibility rendered his 2000 guilty plea involuntary. *Id.* This Court dismissed the petition under § 2244(b)(3)(A), because it constituted a successive habeas petition filed without the required authorization of the Eleventh Circuit. *Id.* at Docs. 4, 6, 7. The undersigned also takes judicial notice of federal court records which show that twice the Eleventh Circuit has denied Lee authorization to file a successive habeas petition by rejecting his allegation of new evidence based on his assertion that after he was denied parole in 2018 he received newly discovered information that the state had contested or opposed his parole proceedings. *See In re: Rashad Lee*, No.

3

19-13196-J (11th Cir., September 13, 2019); *In re: Rashad C. Lee*, No. 21-14465-J (11th Cir., January 4, 2022).

### III. DISCUSSION

The present petition is Lee's sixth attempt to challenge, via habeas corpus, his 2000 Bullock County conviction for murder. Lee acknowledges that this habeas petition is successive. Doc. 1 at 12.

As explained, Lee claims the parole board has denied him parole because the state has protested his parole several times. Doc. 1 at 5. The facts proffered in support of this issue concern the state's conduct in allegedly inducing Lee's guilty plea by promising not to oppose parole, but later breaching that promise at Lee's parole hearings thereby causing Lee to be denied parole because of those protests which Lee argues "void[ed] the plea agreement." *Id.* The fundamental allegations and legal basis for Lee's claim, distilled to its essence, amounts to a challenge to the voluntariness of his guilty plea. As a result, the undersigned finds that this petition amounts to a challenge to Lee's conviction and sentence and not a challenge to the denial of parole or any defects in the parole proceedings themselves.[4]

---

[4] Upon preliminary review of Lee's petition, it appeared that he sought to challenge the parole board's decision to deny him parole and Respondents were directed to file an answer in response. *See* Doc. 4 at 1, n.1. Although Lee agreed and maintained that the focus of his challenge involved the actions of parole officials at his most recent parole hearing (*see, e.g.*, Docs. 15–17), he presented no additional allegations in support of this contention leaving the facts supporting this claim, and the requested relief, unchanged (*see id.*). After further review of the entire record, the undersigned finds that the essence of Lee's argument is essentially a reformulation of his claim presented in *Lee v. Givens*, Case No. 2:19-cv-471-MHT-CSC, as described above, and the petition as a whole is another attempt by Lee to challenge the validity of his 2000 conviction. *See e.g.*, Docs. 47, 48.

4

Despite any attempt by Lee to characterize his claim differently, the substance of the issue presented reflects that the instant petition is successive. Lee challenges the validity of his guilty plea using arguments that are substantively similar to those previously presented to and rejected by both this Court and the Eleventh Circuit. The repackaging of a previously rejected claim using a slightly different argument is insufficient to circumvent or avoid the statutory bar on successive petitions.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[5] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[5] Section 2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The instant petition is a successive petition subject to the limitations of § 2244(b). Lee furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this Court to proceed on his successive petition. "Because this undertaking [is a successive] habeas corpus petition and because [Lee] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, Lee's § 2254 petition is due to be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

## IV.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this 28 U.S.C. § 2254 petition be DISMISSED for lack of jurisdiction as Petitioner has failed to obtain the required order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive application.

It is further ORDERED that by **February 10, 2025**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections

will not be considered. The Recommendation if not a final order and therefore it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th CIR. R. 3-1.

Done, this 27th day of January 2025.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE